809 F.2d 786
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carolyn REYNOLDS-EL, Plaintiff-Appellant,
v.
The PROCTOR & GAMBLE MANUFACTURING COMPANY, a body
corporate, Defendant-Appellee.
 No. 86-1111.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 29, 1986.
Decided Jan. 8, 1987.
 
 Before PHILLIPS and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Carolyn Reynolds-El, appellant pro se.
 Stanley Mazaroff and Carol Ellen Greenfeld, Venable, Baetjer & Howard, for appellee.
 PER CURIAM:
 
 
 1
 A review of the record and the district court's opinion discloses that this appeal from that court's order dismissing with prejudice plaintiff-appellant's amended complaint is without merit. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment below on the reasoning of the district court.* Reynolds-El v. Proctor & Gamble Manufacturing Co., C/A No. 84-2839-B (D.Md., April 8, 1986).
 
 
 2
 AFFIRMED.
 
 
 
 *
 On appeal, the plaintiff-appellant, Carolyn Reynolds-El, raises a contention which the district court addressed, but only in a somewhat abbreviated form. Reynolds-El contends that she is due extracontractual damages for the mishandling of her claim for disability benefits. As authority she cites Russell v. Massachusetts Mutual Life Insurance Co., 722 F.2d 482 (9th Cir.1983), rev'd --- U.S. ---, 53 U.S.L.W. 4938 (June 27, 1985). As the Supreme Court's reversal of Russell makes clear, extracontractual compensatory or punitive damages are not available pursuant to 29 U.S.C. Sec. 1109(a) and 29 U.S.C. Sec. 1132(a)(2). See Massachusetts Mutual Life Insurance Co. v. Russell, --- U.S. ---, 53 U.S.L.W. 4938 (June 27, 1985). Nor are such damages available pursuant to 29 U.S.C. Sec. 1132(a)(3). Powell v. Chesapeake & Potomac Telephone Co., 780 F.2d 419, 424 (4th Cir.1985), cert. denied, --- U.S. ---, 54 U.S.L.W. 3809 (June 9, 1986) (No. 85-1701). The district court found that Reynolds-El received all benefits to which she was entitled. Massachusetts Mutual Life and Powell make clear that other damages were not available. Hence, Reynolds-El's claim fails